UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SEAN WEATHERFORD,<br><br>  Plaintiff,<br><br>v.<br><br>GATX CORPORATION, JOE BUDZISZ, CODY SMITH, MICHAEL DEASON, AND CHRIS ZEIG,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   CASE NO.:<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants GATX Corporation ("GATX"), Joe Budzisz, Cody Smith, Michael Deason, and Chris Zeig hereby remove this action from the 82nd Judicial District Court of Robertson County, Texas, to the United States District Court for the Western District of Texas, Waco Division. In support of their Joint Notice of Removal, Defendants show as follows:

**I.     PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1.     On November 22, 2021, Plaintiff Sean Weatherford commenced an action in the 82nd Judicial District Court of Robertson County, Texas, against Defendants. That action bears the same title as above and is docketed in that Court as No. 21-11-21356-CV. Exhibit C.

2.     Plaintiff alleges breach of contract and wrongful discharge against Defendants. Exhibit C, ¶ ¶ 18–24, 25–27.

3.     Defendant GATX received service of the Citation and Plaintiff's Original Petition on December 3, 2021, Defendants Joe Budzisz, Chris Zeig, and Mike Deason received service of the same on December 7, 2021, and Defendant Cody Smith received service of the same on

December 8, 2021. GATX and Defendants Budsisz, Smith, Deason, and Zeig filed their Original Answers to Plaintiff's Original Petition on December 21, 2021. Exhibit D.

4. Defendants now file this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, are also filing a Notice of Filing Notice of Removal with the 82nd Judicial District Court of Robertson County, Texas.

## II. GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because Plaintiff's claims involve questions of federal law, implicating Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").

6. Plaintiff alleges that he "was a member of the United Steelworkers Union," and that his claims are rooted in purported violations of a collective bargaining agreement, namely an "Agreement Between GATX Corporation and United Steel Workers." Exhibit C, ¶ ¶ 19, 20; *see also* ¶ 26 ("Plaintiff was wrongfully discharged in violation of his rights and contractual relationship with the Union.").

7. Plaintiff's claims, then, arise pursuant to Section 301; although Plaintiff's Original Petition does not explicitly reference federal law, Plaintiff's claims arising under purported violations of a collective bargaining agreement are necessarily federal in nature as a result of the jurisdictional doctrine of "complete preemption" pursuant to Section 301. *See Morrow v. Kroger Ltd. P'ship I*, 681 F. App'x 377, 381 (5th Cir. 2017) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("'[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law.'"). This is because such claims will necessarily involve the examination and interpretation of the collective bargaining agreement. *See id.* (quoting *Thomas v. LTV Corp.*, 39

F.3d 611, 616 (5th Cir. 1994) (noting that "'[p]re-emption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement'"). Plaintiff's claims are removable to this Court pursuant to 28 U.S.C. § 1441(a).

8. Moreover, Plaintiff alleges that the United Steelworkers Union breached its Duty of Fair Representation ("DFR") in paragraph 20 of his Original Petition. Exhibit C, ¶ 20. Causes of action that allege a breach of DFR are governed by federal law. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967) ("It is obvious that Owens' complaint alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action.") (citation omitted). Federal DFR claims, then, pre-empt state-law claims, even when a plaintiff only uses "state-law terms" on the face of an Original Petition. *Pecha v. Padilla*, 192 F.3d 126, 1999 WL 683867, at *3 (5th Cir. 1999) ("Looking to the substance of the complaint, we conclude that Pecha's complaint states a duty-of-fair-representation claim. Thus, the NLRA's duty of fair representation preempts the state-law claims.") (citation omitted).

### III. VENUE

9. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 82nd Judicial District Court of Robertson County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

10. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed on November 22, 2021 |
| D. | Defendants' Original Answers filed on December 21, 2021 |
| E. | List of Counsel of Record |

11. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court. All Defendants who have been properly joined and served consent to this Removal.

12. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 82nd Judicial District Court of Robertson County, Texas, promptly after filing of same.

### V. NON-WAIVER OF DEFENSES

15. By removing this action from the 82nd Judicial District Court of Robertson County, Texas, Defendants do not waive any defenses available to them.

16. By removing this action from the 82nd Judicial District Court of Robertson County, Texas, Defendants do not admit any of the allegations in Plaintiff's Original Petition.

### VI. CONCLUSION

17. Defendants remove the above-captioned action from the 82nd Judicial District Court of Robertson County, Texas, to the United States District Court for the Western District of Texas, Waco Division.

Respectfully Submitted,

*/s/ Kristen L. Perry*
KRISTEN L. PERRY
State Bar No. 24090015
kristen.perry@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 357-2500
(469) 327-0860 (FAX)

**ATTORNEYS FOR DEFENDANTS GATX CORPORATION, CODY SMITH, MICHAEL DEASON, AND CHRIS ZEIG**

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on December 21, 2021.

            */s/ Kristen L. Perry*
            KRISTEN L. PERRY